IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00099-BNB

GEORGE W. WALKER,

    Plaintiff,

v.

ALL-WHITE COLO STATE BOARD OF EDUCATION,

    Defendant.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, George W. Walker, initiated this action on January 13, 2012, by filing *pro se* a Title VII Complaint. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    The Court must construe the Title VII Complaint liberally because Mr. Walker is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Walker will be ordered to file an amended complaint.

    The Court has reviewed the Title VII Complaint and has determined that the Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v.*

*American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Walker fails to provide a short and plain statement of his claims showing that he is entitled to relief.  Mr. Walker has checked blanks on the preprinted Title VII Complaint form indicating that Defendant discriminated against him based on his race and color by failing to hire him.  However, Mr. Walker provides no factual allegations in support of his claim of employment discrimination.  Although Mr. Walker attaches to the Title VII Complaint a copy of a Dismissal and Notice of Rights issued by the Equal Employment Opportunity Commission and numerous other documents, those documents do not provide the Court with the factual basis for any of the claims Mr. Walker intends to assert in this action.

Neither the Court nor Defendant is required to guess in order to determine the specific factual allegations that support the claims Mr. Walker is asserting.  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot

take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, Mr. Walker will be ordered to file an amended Title VII Complaint that complies with the pleading requirements of Rule 8 if he wishes to pursue his claims in this action. It is Mr. Walker's responsibility to present his claims clearly and concisely in a manageable format that allows the Court and Defendant to know what claims are being asserted and to be able to respond to those claims. Accordingly, it is

ORDERED that Plaintiff, George W. Walker, file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that Mr. Walker shall obtain the Court-approved Title VII Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Walker fails to file an amended Title VII Complaint **within thirty (30) days from the date of this order**, the Title VII Complaint and the action will be dismissed without further notice. The dismissal shall be without prejudice.

DATED February 2, 2012, at Denver, Colorado.

                                         BY THE COURT:

                                         s/ Boyd N. Boland
                                         United States Magistrate Judge